UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY A. BULLOCK,

    Petitioner,

    v.      CAUSE NO. 3:25-CV-379-TLS-AZ

WARDEN,

    Respondent.

**OPINION AND ORDER**

Corey A. Bullock, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (ISP-24-10-2678) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss one hundred eighty days of earned credit time and a demotion in credit class.

Bullock argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record contains a conduct report in which a Sergeant Nelson represented that when he approached a cell and pulled down the curtain, Bulluck concealed his right hand behind his back. ECF 7-1. When correctional staff ordered him to cuff up, Bullock tried to smash a black cellphone. *Id.* The administrative record further contains a statement from

Sergeant Nelson that substantially resembles the conduct report. ECF 7-9. It contains a photograph of the cellphone. ECF 7-3. It contains a video recording summary that indicates that the investigator did not see anyone pick up a cellphone "off the range." ECF 7-10. It also contains the video recording itself, which the court has reviewed and found consistent with the video recording summary. *Id.*

The conduct report, witness statement, and the photograph constitute some evidence that Bullock possessed a cellphone. Bullock takes issue with this evidence, contending that correctional staff fabricated Sergeant Nelson's signature on the witness statement and that the case number written on the evidence card associated with the cellphone did not match the number assigned to his disciplinary case. However, the Warden submitted Sergeant Nelson's affidavit in which Sergeant Nelson attests to the legitimacy of his witness statement. ECF 7-11. The Warden also submitted an affidavit from Lieutenant Draper in which he explains that investigative staff assign numbers to evidence cards with a numbering system that is separate from the numbering system used to assigned to prison disciplinary proceedings and that, as a result, the numbers on evidence cards and disciplinary paperwork never match. ECF 7-12. These explanations are undisputed. Moreover, the conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Bullock argues that he is entitled to habeas relief because correctional staff denied his request for video recording evidence. He contends that correctional staff necessarily fabricated the video recording summary because surveillance recordings are saved for only 30 days and correctional staff said they reviewed the recording 49 days after the cellphone confiscation. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present

documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

In response, the Warden submitted an affidavit from Lieutenant Draper, clarifying that surveillance recordings are preserved as a matter of course for 20 to 30 days but that they may be preserved longer if they have sufficient storage space or if it is review for disciplinary purposes. ECF 7-12. Bullock does not dispute this explanation. Consequently, the denial of evidence is not a basis for habeas relief.

Because Bullock has not asserted a valid claim for habeas relief, the habeas petition is denied. If Bullock wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Corey A. Bullock leave to proceed in forma pauperis on appeal.

SO ORDERED on December 22, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT